UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CONTINENTAL 332 FUND, LLC,
CONTINENTAL 298 FUND LLC,
CONTINENTAL 306 FUND LLC,
CONTINENTAL 326 FUND LLC,
CONTINENTAL 347 FUND LLC,
CONTINENTAL 355 FUND LLC,
CONTINENTAL 342 FUND LLC and
CONTINENTAL 245 FUND LLC,

    Plaintiffs,

v.                                                           Case No: 2:17-cv-41-FtM-38MRM

DAVID ALBERTELLI, ALBERTELLI
CONSTRUCTION INC., GEORGE
ALBERTELLI WESTCORE
CONSTRUCTION, LLC, NATIONAL
FRAMING, LLC, MFDC, LLC, TEAM
CCR, LLC, BROOK KOZLOWSKI,
JOHN SALAT, KEVIN BURKE,
ANGELO EQUIZABAL, BRAVO21,
LLC, KERRY HELTZEL, AMY
BUTLER, US CONSTRUCTION
TRUST, FOUNDATION
MANAGEMENT, LLC, KMM
CONSTRUCTION, LLC and
WESTCORE CONSTRUCTION,
L.L.C.,

    Defendants.
_____/

**OPINION AND ORDER**[1]

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink.

This matter comes before the Court on Defendants David Albertelli and Albertelli Construction, Inc.'s (the "Original Defendants") Motion to Transfer Venue, which was filed on March 22, 2017. (Doc. 32). The Plaintiffs at that time, Continental 332 Fund LLC, Continental 298 Fund LLC, Continental 306 Fund LLC, and Continental 326 Fund LLC (the "Original Plaintiffs"), responded in opposition on April 18, 2017. (Doc. 37). This matter is ripe for review.

On January 24, 2017, the Original Plaintiffs filed a twenty-seven count Complaint against the Original Defendants. (Doc. 1). The Original Plaintiffs alleged that the Original Defendants had violated the Racketeering Influenced and Corrupt Practices Act, and multiple other statutes from Florida and Minnesota, that they had breached existing contracts, engaged in a conspiracy to commit fraud, and had committed fraud, civil theft, conversion, and acts of negligence in Florida, Minnesota and Texas. (Doc. 1).

The Original Defendants then moved to dismiss the Complaint. (Doc. 30). In addition, they also moved to transfer the case within the Middle District of Florida from the Fort Myers Division to the Jacksonville Division. (Doc. 32). Thereafter, the Original Plaintiffs elected to file an Amended Complaint, and responded in opposition to the Motion to Transfer. (Docs. 37, 38).

After the Amended Complaint was filed, the Original Defendants again moved to dismiss. (Doc. 41). Again, instead of litigating the merits of the pleading, the Original Plaintiffs moved for, and received, leave to file their Second Amended Complaint. (Doc.

---

Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

49). The Second Amended Complaint added four new Plaintiffs[2], fifteen new Defendants[3], and seventeen more claims. (Doc. 49).

Despite these additions, the Original Defendants have not sought to supplement their Motion to Transfer. This is important because the decisional calculus regarding transfer turns on the "convenience of parties and witnesses . . . [and] the interests of justice." 28 U.S.C. § 1404(a). And though the court has broad discretion to discern the merits of transfer, its consideration is properly limited to the individualized set of operative facts that currently exist to adjudicate the matter. See *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); see also *England V. ITT Thompson Industries, Inc.*, 856 F.2d 1518, 1520 (11th Cir. 1988); *Suomen Colorize Oy v. DISH Network L.L.C.*, 801 F. Supp. 2d 1334, 1338 (M.D. Fla. 2011); *Dale v. United States*, 846 F. Supp. 2d 1256, 1257 (M.D. Fla. 2012).

Notably, the Motion to Transfer does not turn on currently operative facts but instead relies on facts drawn from a Complaint filed four Plaintiffs, fifteen Defendants and seventeen claims ago. Because the Motion to Transfer rests on considerations that are no longer operative, it must be denied. Should the Original Defendants wish to seek relief under the current facts, they may do so as the rules allow.

Accordingly, it is now

**ORDERED:**

---

[2] Continental 347 Fund LLC, Continental 355 Fund LLC, Continental 342 Fund LLC, and Continental 245 Fund LLC

[3] George Albertelli Westcore Construction LLC (Del.), Westcore Construction LLC (Nev.), Foundation Management LLC, National Framing LLC, KMM Construction LLC, MFDC LLC, Team CCR LLC, Brook Kozlowski, John Salat, Kevin Burke, Angelo Equizabal, Bravo21 LLC, Kerry Heltzel, Amy Butler, and US Construction Trust

Defendants David Albertelli's and Albertelli Construction, Inc.'s Motion to Transfer Venue is **DENIED.**

**DONE** and **ORDERED** in Fort Myers, Florida this 1st day of August, 2017.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record