UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CONTINENTAL 332 FUND LLC,
CONTINENTAL 298 FUND LLC,
CONTINENTAL 306 FUND LLC,
CONTINENTAL 326 FUND LLC,
CONTINENTAL 347 FUND LLC,
CONTINENTAL 355 FUND LLC,
CONTINENTAL 342 FUND LLC, and
CONTINENTAL 245 FUND LLC,

    Plaintiffs,

v.

DAVID ALBERTELLI, ALBERTELLI CONSTRUCTION, INC., GEORGE ALBERTELLI, WESTCORE CONSTRUCTION, LLC (Del.), NATIONAL FRAMING, LLC, MFDC, LLC, TEAM CCR, LLC, BROOK KOZLOWSKI, JOHN SALAT, KEVIN BURKE, ANGELO EQUIZABAL, BRAVO21, LLC, KERRY HELTZEL, AMY BUTLER, US CONSTRUCTION TRUST, FOUNDATION MANAGEMENT, LLC, KMM CONSTRUCTION, LLC, and WESTCORE CONSTRUCTION, LLC (Nev.),

    Defendants.
_____/

Case No.: 2:17-cv-41-FtM-38MRM

**DEFENDANT BROOK KOZLOWSKI'S MOTION TO
DISMISS AND JOINDER IN DEFENDANT DAVID ALBERTELLI'S MOTION
TO DISMISS AND JOINDER IN DEFENDANT AMY BUTLER'S MOTION
TO DISMISS PLAINTIFFS' SECOND AMENDED VERIFIED COMPLAINT**

Defendant Brook Kozlowski ("Kozlowski"), pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, moves the Court to dismiss Counts I (Federal RICO), II (Florida RICO), III (conspiracy to violate Florida RICO), V (fraud) and VI (conspiracy to

commit fraud) of the Plaintiffs' *Second Amended Verified Complaint* (the "*Second Amended Complaint*")(Doc. No. 49), and, joins, in part, *Defendant David Albertelli's Motion to Dismiss Second Amended Complaint Verified Complaint and Motion to Strike* (Doc. No. 80)(the "*D. Albertelli Motion to Dismiss*") and joins, in part, *Defendant Amy Butler's* ("A. Butler") *Motion to Dismiss the Second Amended Complaint* (the "*A. Butler Motion to Dismiss*")(Doc. No. 83) and, in support of this motion, states as follows:

## INTRODUCTION

The *Second Amended Complaint* alleges that Kozlowski, in addition to all of the other seventeen Defendants (sixteen of which, like Kozlowski, are newly named as defendants in the *Second Amended Complaint*) "individually, as an enterprise and through their conspiracy, engaged in a pattern of racketeering activity across state lines, and a conspiracy to engage in racketeering activity involving numerous RICO predicate acts over a period of not more than ten years." *Second Amended Complaint* at 64. [1]

The *Second Amended Complaint* is the Plaintiffs' third collective attempt to plead a RICO claim involving an ill-defined enterprise ultimately controlled by Defendant David Albertelli ("D. Albertelli"). The newly added Defendants, including Kozlowski, are named for the purpose of creating an illusion of a corrupt enterprise that, in reality, constitutes nothing more than a conclusory, legally deficient naming of a string of individuals and entities. *See First Capital Asset Management, Inc. v. Satinwood, Inc.*,

---

[1] In Count I, Plaintiffs allege all of the Defendants violated Federal RICO law. In Counts II and III, the Plaintiffs incorporate the allegations of Count I and allege all of the Defendants conspired to violate Florida's RICO law. In Count V, the Plaintiffs again incorporate the allegations of Count I and allege all of the Defendants defrauded the Plaintiffs. In Count VI, Plaintiffs incorporate the allegations of Count V (which include all of the allegations in Count I) and allege all of the Defendants conspired to defraud all of the Plaintiffs.

385 F.3d 159, 175 (2nd Cir. 2004). For the reasons stated herein, Kozlowski seeks the dismissal of Plaintiffs' Federal and Florida RICO claims against him with prejudice and the dismissal of the remaining pendent claims without prejudice for lack of jurisdiction.

## ARGUMENT

I. **Counts I – III fail to allege a RICO enterprise.**

To state a claim for RICO under 18 U.S.C. § 1962, the Plaintiffs must allege the existence of an "enterprise." *See U. S. v. Turkette*, 452 U.S. 576, 583 (1981) ("The existence of an enterprise at all times remains a separate element which must be proved by the [plaintiff].").[2] 18 U.S.C. § 1961(4) includes in the definition of an enterprise "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). Although the allegations of the *Second Amended Complaint* are not clear, it appears that the Plaintiffs are attempting to allege that Kozlowski, and the additional Defendants, acted in such a manner so as to constitute an "association in fact". *Boyle v. U.S.*, 556 U.S. 938, 945 (2009).[3] Indeed, Plaintiffs, in a conclusory fashion, define the eighteen Defendants "acting individually and collectively" as a "Corrupt Enterprise." *Second Amended Complaint* at 68.

---

[2] Because the Florida RICO statutes are modeled after the Federal RICO act, a complaint that fails to state a cause of action under the Federal RICO act also fails to state a cause of action under the Florida RICO act. *See Ferrell v. Durbin*, 311 Fed.Appx. 253, 256 n. 5 (11th Cir. 2009) ("All parties agree that the Florida RICO statute is patterned after the Federal RICO statute and Florida RICO cases follow Federal RICO cases. Thus, the analysis of the Federal RICO claims is equally applicable to the Florida RICO claims.")(citing *Jackson v. BellSouth Telecommunications,* 372 F.3d 1250, 1263-64 (11th Cir. 2004)).

[3] In Count II (Florida RICO), Plaintiffs allege—in an improper and conclusory fashion—that the "Defendants are a group of persons associated together in fact for the common purpose of carrying out an ongoing criminal enterprise ("Corrupt Enterprise"), described in Paragraphs 1 through 236 [i.e., Count I] of this Complaint…." *Second Amended Complaint* at 239.

3

In *Boyle*, the Supreme Court held that "an association-in-fact enterprise must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Id.* at 946. "The concept of 'associat[ion]' requires both interpersonal relationships and a common interest." *Id.* (*quoting Webster's Third New International Dictionary* 132 (1976)). "The 'enterprise' is not the 'pattern of racketeering activity'; it is an entity separate and apart from the pattern of activity in which it engages. The existence of an enterprise at all times remains a separate element which must be proved by the [plaintiff]." *Turkette*, 452 U.S. at 583.

To allege a RICO enterprise, the plaintiff must allege how each defendant "participate[d] in the operation or management of the enterprise itself," and what part each defendant has in "directing the affairs of the enterprise." *Williams v. Mohawk Indus., Inc.*, 465 F.3d 1277, 1285 (11th Cir. 2006)(*quoting Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993)(*abrogated on other grounds*). "A plaintiff's conclusory naming of a string of entities does not adequately allege an enterprise." *First Capital*, 385 F.3d at 175.

Despite calling the Defendants a "Corrupt Enterprise," the *Second Amended Complaint* does not actually allege the existence of an enterprise. Moreover, the *Second Amended Complaint* does not allege the relationships between the Defendants, how each Defendant participated in the operation or management of the enterprise, or what part each Defendant had in directing the affairs of the enterprise. *Second Amended Complaint* at 68.

Significantly, the "association-in-fact" that the Plaintiffs' allege constitutes the Corrupt Enterprise is indistinguishable from the string of Defendants, both individual and corporate, named in the *Second Amended Complaint*. However, as stated, Rule 8 requires more than a "conclusory string" of names to allege the existence of a RICO enterprise. *See First Capital*, 385 F.3d at 175 and Section IV.A., *infra*. Moreover, a party such as Kozlowski, or any of the other Defendants, cannot be both a Defendant "person" and the enterprise as well. *United States v. Goldin Indus., Inc.*, 219 F.3d 1268, 1271 (11th Cir. 2000). Assuming that Kozlowski, and the other individual Defendants, were acting in their respective capacities as officers and/or employees of the respective corporate entities, the *Second Amended Complaint* fails to sufficiently plead the existence of "association- in-fact" distinct from the named Defendants. *See Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A.*, 30 F.3d (2nd Cir. 1994).

Because the Plaintiffs have not alleged a RICO enterprise, the Court should dismiss the Plaintiffs' Federal and Florida RICO claims.

**II.     Counts I – III fail to state a cause of action for violating the Federal or Florida RICO acts for the reasons stated in the motion to dismiss filed by <u>D. Albertelli.</u>**

D. Albertelli has moved to dismiss Counts I – III of the *Second Amended Complaint* on the grounds that the Plaintiffs have failed to state a claim under either the Federal or Florida RICO acts. *See D. Albertelli Motion to Dismiss*. To avoid duplication of efforts and for the convenience of the Court, Kozlowski joins and adopts the following arguments set forth in the *D. Albertelli Motion to Dismiss*:

- Most of the predicate acts alleged in the *Second Amended Complaint* are not "racketeering activity" and should therefore be stricken. *Id.*, § I.A.1.

5

- Count I fails to allege sufficient facts that show any "pattern of racketeering activity." *Id.*, § I.B.

- Allegations in Count I fail to allege predicate acts of racketeering activity, but instead allege breaches of contract. *Id.*, § I.C.

- The *Second Amended Complaint* fails to state a claim for injury under 18 U.S.C. § 1962(a) or (b). *Id.*, § II.A.

- The *Second Amended Complaint* fails to state a claim for injury under 18 U.S.C. § 1962(c). *Id.*, § II.B.

- The *Second Amended Complaint* fails to properly allege that the claimed racketeering activity was the "but-for" and proximate cause of the Plaintiffs' alleged injuries. *Id.* § III.

**III. Counts I – III, V, and VI fail to satisfy Rules 8 and 9(b) pleading standards. Additionally, Counts I – III, V, and VI should be dismissed as an improper shotgun pleading.**

A. Butler, in addition to joining the *D. Albertelli Motion to Dismiss*, further moves to dismiss Counts I – III, V, and VI of the *Second Amended Complaint* because Plaintiffs' allegations in support of their RICO, fraud, and conspiracy claims do not meet the minimum pleading standards under Rules 8 and 9(b) of the Federal Rules of Civil Procedure and the allegations constitute improper "shotgun pleadings." *See A. Butler Motion to Dismiss.*[4] Again, to avoid duplication of efforts and for the convenience of the Court, Kozlowski joins and adopts the following arguments set forth in the *A. Butler Motion to Dismiss*:

- Counts I – III, V, and VI fail to satisfy the pleading standards of Rules 8 and 9(b) with regard to all of the defendants including, but not limited to, Kozlowski. *Id.* §§ IV.A, IV.B, IV.C, IV.D.1. Likewise, Counts I - III, V, and VII fail to allege fraud with requisite specificity against Kozlowski to support Plaintiffs' claims for RICO fraud, common law fraud, and conspiracy to commit common law fraud. *Id.* §§ IV.D.2, IV.D.3, IV.D.4.

---

[4] A. Butler requests dismissal of Counts I – III, V, and VI as improper "shotgun pleadings" pursuant to joinder with Section V of Defendant George Albertelli's Motion to Dismiss the Second Amended Complaint (Doc. No. 82).

6

- Counts I – III, V, and VI should each be dismissed as improper "shotgun pleadings." *Id.* § V.

IV. **Plaintiffs Have Failed to Allege Fraud Against Kozlowski with the Required Level of Specificity**

The law with regard to pleading fraud is well set forth in A. Butler's Motion to Dismiss. To plead a Federal (Count I) or Florida (Counts II and III) RICO claim against Kozlowski that is based on fraud, the Plaintiffs are required to allege:

> (1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for making the statement, (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud….

*Ambrosia Coal,* 482 F.3d at 1316 (*quoting Brooks*, 116 F.3d at 1381).

The Eleventh Circuit in *Thompkins v. Lil' Joe Records, Inc.*, 476 F.3d 1294 (11th Cir. 2007), listed the four elements a plaintiff is required to allege to state a cause of action for fraud under Florida law:

> The requirements for a claim of fraud or fraudulent inducement are: (1) a false statement regarding a material fact; (2) the statement maker's knowledge that the representation is false; (3) intent that the representation induces another's reliance; and (4) consequent injury to the party acting in reliance.

*Id.* at 1315 (*citations omitted*).

To satisfy the specificity requirements of Rule 9(b) in pleading fraud, Plaintiffs are required to allege:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the

7

> plaintiff, and (4) what the defendants obtained as a consequence of the fraud."

*Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001)(*quoting Brooks*, 116 F.3d at 1371).

Finally, under Florida law, in order to state a claim for civil conspiracy, a plaintiff must allege:

> (a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy.

*Phillip Morris USA, Inc. v. Russo*, 175 So. 3d 681, 686 n. 9 (Fla. 2015).

Rule 9(b) requires Plaintiffs to plead with particularity the agreement between the Defendants, "and others," to commit a fraud against all of the Plaintiffs. *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1065 (11th Cir. 2007) ("[W]here a conspiracy claim alleges that two or more parties agreed to commit fraud, the plaintiff must also plead this act with specificity.").

The *Second Amended Complaint*, although replete with conclusory allegations of corruption by Kozlowski, by and through his day-to-day involvement in the ill-defined Corrupt Enterprise and his professional relationship with D. Albertelli, is bereft of any specific allegations sufficient to support any claims, whether statutory or common law, sounding in fraud. Indeed, the *Second Amended Complaint* consistently lumps Kozlowski together with other Defendants in making allegations of fraudulent behavior without sufficiently pleading any facts with specificity.

For example, Plaintiffs allege that "(o)ne or more of David Albertelli, John Salat, Brook Kozlowski, Kevin Burke and Foundation Management formed Westcore II for the

purpose of diverting funds . . .to an entity controlled by David Albertelli . . . ." (*see Second Amended Complaint* at 32). However, the *Second Amended Complaint* does not even allege whether or not any such diversion of funds ever occurred.

Likewise, the *Second Amended Complaint* states ". . .Kozlowski also participated in falsifying Westcore I's financial statement and its Qualification Statement, which Westcore submitted to Continental in November, 2015." (*see Second Amended Complaint* at 57). The *Second Amended Complaint* later states that:

> Each of the Funds reasonably relied on the false representations of ACI, George Albertelli, David Albertelli, Kozlowski, Salat, Westcore I, Westcore II, Butler, Burke, Heltzel, Eguizabal, Bravo 21 Foundation Management, National Framing, KMM, MFDC, Team CCR, and US Construction Trust.

*Second Amended Complaint* at 267.

What is totally lacking in the above referenced paragraphs, and in the *Second Amended Complaint* generally, are any specific, individualized factual allegations sufficient to satisfy the particularity pleading requirement necessary to establish fraud for statutory RICO claims or sounding in common law. *See Ziemba,* 256 F.3d at 1202.

Moreover, although the *Second Amended Complaint* contains exhaustive allegations as to how Kozlowski was involved in the so-called Corrupt Enterprise, it does not specifically allege how Kozlowski benefitted. See *Id.* Paragraph 74 states:

> *On information and belief*, George Albertelli, David Albertelli, Kozlowski, Eguizabal, Salat, Burke, Heltzel and Butler all knowingly participated in and benefited from the Corrupt Enterprise.

*Second Amended Complaint* at 74. (*Emphasis added*).

However, merely alleging that Kozlowski and the seventeen other Defendants "benefited from the Corrupt Enterprise" without providing any specificity of what exactly Kozlowski gained from being an alleged RICO participant falls woefully short of the specificity required by Rule 9(b) and *Ambrosia Coal*.

Finally, despite the numerous allegations contained in Counts I, V and VI, the Plaintiffs do not allege with any particularity what agreement Kozlowski and the seventeen other conspiring Defendants entered into. However, even if the Plaintiffs did allege an agreement with specificity, the Plaintiffs' failure to satisfy the requirements for pleading fraud with particularity is fatal to Plaintiffs' claim against Kozlowski for conspiring to defraud the Plaintiffs. *See Behrman v. Allstate Life Ins. Co.*, 178 Fed.Appx. 862, 863 (11th Cir. 2006)("Finally, because a civil conspiracy claim is not an independent cause of action in Florida, we also conclude that that claim was properly dismissed because all of the predicate claims were properly dismissed.").

### Conclusion

For the foregoing reasons, Kozlowski respectfully requests the Court to dismiss Counts I – III of the complaint with prejudice – the Federal and Florida RICO claims as they relate to Kozlowski – and dismiss the remaining state court pendent claims – Counts V and VI – without prejudice for lack of jurisdiction.

Respectfully submitted this 11th day of October, 2017.

                **JOHN D. WEBB, P.A.**

                *s/ John D. Webb*
                John D. "Jack" Webb
                Florida Bar Number: 051871
                10751 Deerwood Park Blvd., Ste. 105
                Jacksonville, Florida 32217


Telephone: (904) 803-4686
Primary Email:
jwebb@jackwebblaw.com
Secondary Email:
arichey@jackwebblaw.com

Attorney for Defendant Brook Kozlowski

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on this 11th day of October, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will electronically send a notice of electronic filing to all parties of record who have consented to such service.

**JOHN D. WEBB, P.A.**

*s/ John D. Webb*
John D. "Jack" Webb
Florida Bar Number: 051871
10751 Deerwood Park Blvd., Ste. 105
Jacksonville, Florida 32217
Telephone: (904) 803-4686
Primary Email:
jwebb@jackwebblaw.com
Secondary Email:
arichey@jackwebblaw.com

Attorney for Defendant Brook Kozlowski