UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CONTINENTAL 332 FUND, LLC,
CONTINENTAL 298 FUND LLC,
CONTINENTAL 306 FUND LLC,
CONTINENTAL 326 FUND LLC,
CONTINENTAL 347 FUND LLC,
CONTINENTAL 355 FUND LLC,
CONTINENTAL 342 FUND LLC and
CONTINENTAL 245 FUND LLC,

      Plaintiffs,

v.                                             Case No: 2:17-cv-41-FtM-38MRM

DAVID ALBERTELLI, ALBERTELLI
CONSTRUCTION INC.,
WESTCORE CONSTRUCTION,
LLC, NATIONAL FRAMING, LLC,
MFDC, LLC, TEAM CCR, LLC,
BROOK KOZLOWSKI, JOHN
SALAT, KEVIN BURKE, KERRY
HELTZEL, AMY BUTLER, US
CONSTRUCTION TRUST,
FOUNDATION MANAGEMENT,
LLC, KMM CONSTRUCTION, LLC,
WESTCORE CONSTRUCTION,
L.L.C. and GEORGE ALBERTELLI,

      Defendants.
_____/

## **OPINION AND ORDER**[1]

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

This matter comes before the Court on Defendants' Joint Motion to Permit Interlocutory Appeal and Stay (Docs. 151) filed on June 21, 2018.[2] Plaintiffs responded on July 5, 2018. (Doc. 153). The matter is therefore ripe for review.

This is a dispute over an effort to pursue an interlocutory appeal of denied motions to dismiss in an ongoing civil fraud case. The details of the case have been meticulously laid out in an earlier Opinion and Order. (Doc. 144). Only the salient facts will be set forth here. Plaintiffs are funds created to bankroll apartment construction projects around the country. (Doc. 117 at ¶¶ 16(a)-(h)). Defendants are a group of interrelated individuals and corporations that undertook various roles associated with the construction of Plaintiffs' apartment complexes. (Doc. 117 at ¶¶ 1-15, 18-33). Plaintiffs allege Defendants perpetrated a wide-ranging fraudulent scheme upon them over a period of six years on multiple construction projects. (Doc. 117 at ¶¶ 1-15, 44(a)-(h)).

That experience led some of the Plaintiffs to sue some of the Defendants in January 2017. (Doc. 1). After multiple amendments and the addition of the entire panoply of current Defendants, Plaintiffs filed a twenty-one count Third Amended Complaint in March 2018. (Doc. 117). Count 1 of the Third Amended Complaint alleges Defendants are liable for violations of the Federal Racketeering Influenced and Corrupt Practices Act (the "RICO Act") (Doc. 117 at ¶¶ 50-271). Although the RICO Act includes four different causes of action under subsections of 18 U.S.C. § 1962, Count 1 did not specify the

---

[2] Defendants' Motion did not comply with Local Rule 3.01(g) because it lacked a statement certifying Defendants conferred with Plaintiffs' counsel prior to filing the Motion in a good faith attempt to resolve the contested issues and advising the Court about the outcome of that conferral. *See* M.D. Fla. R. 3.01(g). Plaintiffs contend Defendants never attempted to confer in the first place. Defendants do not meaningfully contest that allegation. Scrupulous adherence to the Local Rules is expected in the future – they are not arbitrary guidelines to be followed when convenient.

subsections upon which it was lodged. Defendants seized on this omission and moved to dismiss, arguing Count 1 was a shotgun pleading because it involved: (1) multiple Plaintiffs, (2) multiple Defendants, and (3) alleged violations of multiple unspecified subsections of the RICO Act. (Docs. 130; 135; 136; 137, 138). The Court found it was not necessary for Count 1 to be split into claims involving individual Plaintiffs because the interests of clarity were advanced by joining them in a single claim based on an alleged pattern of behavior. (Doc. 144 at 19). It further found Count 1 did not need to be split into claims involving individual Defendants because it adequately alleged the actions each party allegedly undertook. (Doc. 144 at 19). Finally, the Court found it was not necessary for Count 1 to specifically state the RICO subsections upon which it was based because Defendants were provided adequate notice of the claims against them and the grounds upon which each claim rests.[3] (Doc. 144 at 16-17). Now, Defendants move for interlocutory appeal of that decision. (Doc. 151).

## LEGAL STANDARD

Interlocutory review is generally looked upon as "bad policy" because of its piecemeal effect on cases. *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004). That said, under 28 U.S.C. § 1292(b), a "district court may permit an interlocutory appeal when the order at issue (1) involves a controlling question of law upon which there is (2) a substantial ground for difference of opinion, and (3) when immediate appeal from the order may materially advance the ultimate termination of the

---

[3] Upon a separate challenge by Defendants, the Court dismissed a portion of Count 1 dealing with a specific RICO subsection. (Doc. 144 at 27-28). Though the fact Defendants briefed and prevailed on such an argument tends to contradict their contentions of lack of notice, that fold of the Court's decision is not relevant here.

litigation. *In re Yormak*, No. 2:17-CV-73-FTM-38, 2017 WL 2645601, at *2 (M.D. Fla. June 19, 2017), *appeal dismissed*, No. 17-13239-FF, 2017 WL 4857438 (11th Cir. Sept. 13, 2017). "The movant seeking interlocutory appeal bears the burden of showing that all § 1292(b) requirements are satisfied and that the case is one of the rare exceptions in which the court should exercise judicial discretion to grant the remedy." *In re Cmty. Health Sys., Inc.*, No. 15-CV-222-KOB, 2017 WL 604334, at *2 (N.D. Ala. Feb. 15, 2017). "[I]f any elements are not satisfied, the Court must deny interlocutory review." *In re Yormak*, 2017 WL 2645601, at *2; *see also Inetianbor v. CashCall, Inc.*, No. 13-60066-CIV, 2016 WL 4249938, at *2 (S.D. Fla. Jan. 26, 2016).

## DISCUSSION

### A. Interlocutory Appeal

*1. Controlling Question of Law*

To meet the first element for interlocutory appeal, the movant must demonstrate there is a question of law, and it is controlling. *See McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004). A controlling question of law pertains to "the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Id.* at 1258. In other words, a controlling question of law is an issue of "pure law" that can be decided "quickly and cleanly without having to study the record." *Id.* The question must also "be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law." *Id.* at 1259. By contrast, "[t]he antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case." *Id.* at 1259.

4

Against that backdrop, Defendants' proposed controlling question of law is "[w]hether Plaintiffs have adequately plead[ed] a RICO claim against all sixteen Defendants." (Doc. 151 at 3). That, however, is plainly an issue that turns on whether the Court "properly applied settled law to the facts or evidence of a particular case." *See id.* Consequently, that question does not provide grounds for appeal.

When read charitably, though, the substance of Defendant's Motion can be interpreted to propose another controlling question of law: "what constitutes sufficient notice to the Defendants for the purposes of avoiding the label of shotgun pleading?" (Doc. 151 at 5). The Eleventh Circuit refers to "[c]omplaints that violate either Rule 8(a)(2) or Rule 10(b), or both . . . as 'shotgun pleadings.'" *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). Thus, meaning and interpretation of that designation is an issue of pure law. Thus, it satisfies the first element necessary for interlocutory appeal.

2. *Substantial Ground for Difference of Opinion*

If a controlling question of law exists, the appellant must next demonstrate the existence of a substantial ground for difference of opinion. *Flaum v. Doctor's Assocs., Inc.*, No. 16-61198-CIV, 2016 WL 8677304, at *2 (S.D. Fla. Oct. 27, 2016). To do this, the appellant must show "a legal issue is (1) difficult and of first impression, (2) the district courts of the controlling circuit are split as to the issue, or (3) the circuits are split on the issue." *Id.* "[M]erely showing that the order for which appeal is sought presents a difficult ruling, or demonstrating a lack of authority on the legal issue, is not sufficient." *Ibrahim v. FINR III, LLC*, No. 8:15-CV-1093-T-17, 2016 WL 409630, at *3 (M.D. Fla. Feb. 3, 2016).

Defendants argue interlocutory appeal is proper because the Eleventh Circuit has

not directly addressed what constitutes sufficient notice for a complaint to avoid dismissal as a shotgun pleading. That argument fails. As mentioned, courts in the Eleventh Circuit refer to complaints that violate Rules 8(a)(2) or 10(b) as shotgun pleadings. *Weiland, 792 F.3d at 1320*. Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In pertinent part, Rule 10(b) states that, "[i]lf doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Fed. R. Civ. P. 10(b). These Rules simply require that a pleading gives "defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland, 792 F.3d at* 1323; *see also Sams v. United Food & Commercial Workers Int'l Union, AFL-CIO, CLC*, 866 F.2d 1380, 1384 (11th Cir. 1989).

Complaints that violate these Rules may be dismissed based on the court's "inherent authority to control its docket and ensure the prompt resolution of lawsuits." *Weiland*, 792 F.3d at 1320. The Eleventh Circuit has specifically recognized a number of "rough types or categories" of shotgun pleadings that commonly violate the Rules. *Id*. at 1321-22. Those categories, however, act only as examples of "poorly drafted complaint[s]," whose form is "calculated to confuse the 'enemy,' and the court, so that theories for relief not provided by law and which can prejudice an opponent's case . . . can be masked." *Id*. at 1320-21. Designation as a shotgun pleading is fact intensive. *See id*. at 1324 (finding precisely alleged allegations to weigh against designation as a shotgun pleading). Dismissal is only appropriate where the "complaint [is] so poorly pleaded" that "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Id*. at 1325 (internal citation omitted). This is a wholly

6

different concept than what occurs in a Rule 12(b)(6) analysis, which decides whether viable claims have been stated. *Id.* at 1325. As such, for the purposes of a shotgun pleadings, adequate notice occurs in every circumstance that falls short of the virtual impossibility threshold. *See id.*

Defendants contend a substantial ground for difference of opinion exists as to the interpretation of the notice required to avoid designation as a shotgun pleading. In support, they supply three cases. Each is inapposite. First is *In re Lewis*, where the Bankruptcy Appellate Panel for the Tenth Circuit dismissed a RICO count that lacked sufficient substantive detail or statutory grounding to put defendants on notice of the claims against them. 342 B.R. 384, 2006 WL 1308352, *3 (B.A.P. 10th Cir. 2006). That case is inapplicable here because it did not mention the term shotgun pleading or interpret the concept. Instead, its dismissal was based on Rule 12(b)(6) grounds. *Id.*

The Second case is *Reynolds v. E. Dyer Dev. Co.*, where the Seventh Circuit noted in dicta that "it is essential to plead precisely in a RICO case the enterprise alleged and the RICO section allegedly violated," and then affirmed a district court's grant of summary judgment on other grounds. 882 F.2d 1249, 1251 (7th Cir. 1989). Like *In re Lewis*, the court did not mention the term shotgun pleading. Nor did it interpret the framework associated with shotgun pleadings in rendering its decision. Therefore, it also fails to provide grounds for interlocutory appeal.

Finally, Defendants cite to *Savage v. Council on Am.-Islamic Relations, Inc.*, where the Northern District of California dismissed a RICO count because it lacked sufficient facts to constitute a plausible claim under Rules 8(a)(2) and 9(b). No. C 07-6076 SI, 2008 WL 2951281, at *14 (N.D. Cal. July 25, 2008). Though the *Savage* Court used the term

7

"shotgun pleading" and cited to Eleventh Circuit in doing so, it did not substantively explain why the complaint at issue there was a shotgun pleading. *Id.* Even if it did, because the Eleventh Circuit has spoken clearly on the subject, interlocutory appeal would only be merited where there is a circuit split. *Flaum*, 2016 WL 8677304, at *2. *Savage* does not meet that threshold. As such, Defendants have not shown interlocutory appeal is merited.

### 3. Advance the Ultimate Termination of the Litigation

Even if there was a substantial ground for difference of opinion, Defendants' interlocutory appeal would still fail. The third and final requirement for a grant of interlocutory appeal is that the movant must establish "that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten litigation." *Macfarlin*, 381 F. 3d at 1259. Defendants argue an appeal of the Order denying their Motions to Dismiss would expedite the resolution of this matter because it may force Plaintiffs to replead their claims on an individual basis and "completely eliminate Plaintiff[s'] RICO claim, thus likewise eliminating the Court's subject matter jurisdiction." (Doc. 151 at 7). This is a non-sequitur. Even if the Defendants were to prevail on appeal, they fail to explain how repleading on an individual basis would "completely eliminate Plaintiff[s'] RICO claim." (Doc. 151 at 7).

Defendants then fall back to argue that requiring the complaint to be repleaded might eliminate "possible protracted discovery disputes and costly motion practice resulting from the uncertain nature of the pleadings of Count 1." (Doc. 151 at 7). The Court is unconvinced. First, it is the party's duty – not the Court's – to litigate expeditiously and in good faith to avoid costly motion practice. Second, the Court has already issued an Opinion and Order finding Plaintiffs have provided a pleading that is facially sufficient

8

to move this matter through litigation. (Doc. 144). As such, the Court finds Defendants' argument about the uncertain nature of the pleadings to be unavailing.

Lastly, it strains credulity to argue an interlocutory appeal of this matter would expedite litigation. Should Defendants' Motion be granted, this matter would then progress toward appellate litigation. If Defendants were to prevail there, the matter would merely be reset here. After a Fourth Amended Complaint, the matter would then have to wend itself through litigation and toward trial. By contrast, as it currently stands, this matter is set for a trial term beginning in July 2019. That is a much quicker route. Thus, the Court finds that an interlocutory appeal would not advance the ultimate termination of the litigation.

**B.     Stay**

Defendants' Motion requests a stay of discovery in the event the Court would grant leave to appeal. Because the Court did not find sufficient grounds for interlocutory appeal. Consequently, that request will be denied as moot.

Accordingly, it is now

**ORDERED:**

Defendants' Joint Motion to Permit Interlocutory Appeal and Stay (Doc. 151) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 2nd day of August, 2018.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

9