UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CONTINENTAL 332 FUND, LLC,
CONTINENTAL 298 FUND LLC,
CONTINENTAL 306 FUND LLC,
CONTINENTAL 326 FUND LLC,
CONTINENTAL 347 FUND LLC,
CONTINENTAL 355 FUND LLC,
CONTINENTAL 342 FUND LLC,
CONTINENTAL 245 FUND LLC and
KMM CONSTRUCTION OF FLORIDA,
LLC,

       Plaintiffs,

v.                                                  Case No: 2:17-cv-41-FtM-38MRM

DAVID ALBERTELLI, ALBERTELLI
CONSTRUCTION INC.,
WESTCORE CONSTRUCTION,
LLC, NATIONAL FRAMING, LLC,
MFDC, LLC, TEAM CCR, LLC,
BROOK KOZLOWSKI, JOHN
SALAT, KEVIN BURKE, KERRY
HELTZEL, AMY BUTLER, US
CONSTRUCTION TRUST,
FOUNDATION MANAGEMENT,
LLC, KMM CONSTRUCTION, LLC,
WESTCORE CONSTRUCTION,
L.L.C., GEORGE ALBERTELLI,
GREGORY HILZ and GREAT
AMERICAN INSURANCE
COMPANY,

       Defendants.
_____/

## **OPINION AND ORDER**[1]

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.

Before the Court is Plaintiff/Counter-Defendants Continental 332 Fund LLC (Six Mile Fund), Continental 298 Fund LLC (Savage Fund), Continental 306 Fund LLC (New Braunfels Fund), Continental 326 Fund LLC (Rochester Fund), Continental 347 Fund LLC (Waco Fund), and Continental 355 Fund LLC (Bryan Fund) and Third-Party Defendant Continental Properties Company, Inc.'s Motion to Dismiss KMM, Westcore, and National Framing's Amended Counterclaims (Doc. 253) and Defendants/Counterclaimants KMM Construction, LLC, National Framing, LLC, and Westcore Construction, LLC's response in opposition (Doc. 256).

**Background**

This case is a tangle of claims arising from apartment construction projects around the country. Broadly speaking, the owners of the projects sued some of its contractors and subcontractors for conducting a fraudulent scheme to siphon off millions of dollars, and some of those contractors and subcontractors have countersued for nonpayment. The Court has summarized the facts according to Plaintiffs in previous orders. In this Order, the Court will focus on the facts presented by Defendants in their counterclaims and third-party claims, which the Court must take as true in deciding the Motion. *See Chandler v. Sec'y Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

Continental Properties owns and manages Plaintiffs, who in turn each own and manage a construction project. Albertelli Construction, Inc. (ACI) was the general contractor for the Six Mile, Savage, Rochester, and New Braunfels Projects, and

---

Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Westcore was the general contractor for the Waco and Bryan Projects. Both ACI and Westcore assert claims against Continental Properties and the Plaintiffs that correspond to their projects.[2] (Doc. 246, Doc. 252). National Framing and KMM are subcontractors who did concrete work on the Six Mile Project, and they seek payment from the Six Mile Fund and Continental Properties. (Doc. 189, Doc. 190). Counter-Defendants move to dismiss Westcore's, KMM's, and National Framing's claims under Rule 12(b)(6).

**Legal Standard**

When deciding a motion to dismiss under Rule 12(b)(6), a court must accept as true all well-pleaded facts and draw all reasonable inferences in the light most favorable to the non-moving party. "To survive a motion to dismiss, the plaintiff's pleading must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553 (2007). A claim is facially plausible when the court can draw a reasonable inference from the facts pled that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. But "[f]actual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a twostep approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

**Discussion**

---

[2] This Order does not address ACI's claims.

The counterclaims come in three flavors: breach of contract, *quantum meruit*, and unjust enrichment. Counter-Defendants[3] argue that express contracts preclude *quantum meruit* and unjust enrichment, and that KMM's claims are defective because of a scrivener's error. (Doc. 253). They also move to strike any reference to Continental 322 Fund, LLC (Liberty Township Fund) in National Framing's Amended Counterclaim. Counter-Defendants do not seek dismissal of the breach-of-contract claims.

### A. *Quantum Meruit* and Unjust Enrichment

Florida law governs the claims of KMM and National Framing, while Texas law applies to Westcore's. In both states, there can be no recovery on implied contracts when an express contract covers the same subject matter. *Corn v. Greco*, 694 So. 2d 833, 834-35 (Fla. Dist. Ct. App. 1997); *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000). And parties in both states may plead an implied contract in the alternative to an express contract only when the existence of the express contract is in dispute. *Mancini Enter., Inc. v. Am. Exp. Co.*, 236 F.R.D. 695, 699 (S.D. Fla. 2006); *Cooper v. Gates*, No. 3:16-CV-2630-L, 2017 WL 3209452, at *4 (N.D. Tex. Mar. 7, 2017), *report and recommendation adopted*, No. 3:16-CV-2630-L, 2017 WL 7512934 (N.D. Tex. Aug. 11, 2017). But Florida and Texas law differ in an important respect. "Florida law bars unjust enrichment claims only when *both* parties to the lawsuit are *also* parties to a written agreement that covers the same subject matter." *Spears v. SHK Consulting & Dev., Inc.*, 338 F. Supp. 3d 1272, 1278 (M.D. Fla. 2018) (quoting *N. Am. Clearing, Inc. v. Brokerage Comput. Sys., Inc.*, Nos. 6:07-CV-1503-ORL-19KRS, 6:08-CV-1567-ORL-19KRS, 2009

---

[3] For this Order, "Counter-Defendants" includes Continental Properties, though it is technically a third-party defendant.

WL 1513389, at *6 (M.D. Fla. May 27, 2009). While Texas law bars unjust enrichment claims against both parties to the contract and third parties who benefitted from a contract's performance. *Humana, Inc. v. Shrader & Assocs., LLP*, 584 B.R. 658, 686 (S.D. Tex. 2018) (citing *ConocoPhillips Co. v. Koopmann*, 542 S.W.3d 643, 663-64 (Tex. App. 2016).

Both KMM and National Framing have express contracts with ACI, but not with Six Mile Fund or Continental Properties. Florida law thus does not bar their claims for unjust enrichment and *quantum meruit*. Westcore, on the other hand, undisputedly has express contracts with the Bryan Fund and the Waco Fund. And Continental is a third party who benefitted from those contracts. Under Texas law, Westcore cannot recover under an implied-contract theory, and its unjust enrichment and *quantum meruit* claims must be dismissed.

### B. KMM's Scrivener's Error

KMM pleads that "Continental Fund" hired ACI to construct an apartment complex in Fort Myers, Florida (the Six Mile Project). Counter-Defendants argue that KMM's claims are defective because "'Continental Fund'…is not defined elsewhere in the pleading and could refer to CPCI, Continental 332 Fund LLC, or to some other entity." (Doc. 253). But in other pleadings, Counter-Defendants and ACI plead that the Six Mile Fund hired ACI for the project. (Doc. 218 at 12; Doc. 252 at 6). And when read in the context of KMM's Counterclaim, "Continental Fund" clearly refers to the Six Mile Fund. Although KMM's pleading is imprecise, it does not warrant dismissal of the claim.

### C. National Framing's Scrivener's Errors

In its original counterclaim, National Framing asserted claims against the Liberty Township Fund. (Doc. 189). National Framing omitted these claims in its Amended Counterclaim, but references to the Liberty Township Fund remain in the introduction and in paragraph 4. (Doc. 247). Counter-Defendants move to strike these references, and National Framing does not oppose this relief in its Response. The motion to strike will be granted.

Accordingly, it is now

**ORDERED:**

Plaintiff/Counter-Defendants Continental 332 Fund LLC, Continental 298 Fund LLC, Continental 306 Fund LLC, Continental 326 Fund LLC, Continental 347 Fund LLC, and Continental 355 Fund and Third-Party Defendant Continental Properties Company, Inc.'s Motion to Dismiss KMM, Westcore, and National Framing's Amended Counterclaims (Doc. 253) is **GRANTED in part and DENIED in part**.

(1) Defendant/Counterclaimant Westcore Construction, LLC's claims for unjust enrichment and *quantum meruit* (Doc. 246, Counts II, III, V, and VI) are **DISMISSED with prejudice**.

(2) Refences to Continental 322 Fund, LLC (Liberty Township Fund) in Defendant/Counterclaimant National Framing, LLC's Amended Counterclaim (Doc. 247) are **STRICKEN**.

**DONE** and **ORDERED** in Fort Myers, Florida this 28th day of January, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record