UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CONTINENTAL 332 FUND, LLC,
CONTINENTAL 298 FUND LLC,
CONTINENTAL 306 FUND LLC,
CONTINENTAL 326 FUND LLC,
CONTINENTAL 347 FUND LLC,
CONTINENTAL 355 FUND LLC,
CONTINENTAL 342 FUND LLC,
CONTINENTAL 245 FUND LLC and
KMM CONSTRUCTION OF FLORIDA,
LLC,

       Plaintiffs,

v.                                                                Case No.: 2:17-cv-41-FtM-38MRM

DAVID ALBERTELLI, ALBERTELLI
CONSTRUCTION INC.,
WESTCORE CONSTRUCTION,
LLC, NATIONAL FRAMING, LLC,
MFDC, LLC, TEAM CCR, LLC,
BROOK KOZLOWSKI, JOHN
SALAT, KEVIN BURKE, KERRY
HELTZEL, AMY BUTLER, US
CONSTRUCTION TRUST,
FOUNDATION MANAGEMENT,
LLC, KMM CONSTRUCTION, LLC,
GEORGE ALBERTELLI, GREGORY
HILZ and GREAT AMERICAN
INSURANCE COMPANY,

       Defendants.
_____/

## OPINION AND ORDER[1]

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink.

Before the Court are Plaintiffs Continental 332 Fund LLC (Six Mile Fund) and Continental 326 Fund LLC (Rochester Fund)'s Motion for Summary Judgment on Count IV – Civil Theft (Fla. Stat. 772.11) – Against Defendants, Albertelli Construction, Inc. (ACI), George Albertelli, and David Albertelli (Doc. 321), Defendants' responses (Doc. 351; Doc. 354), Defendant George Albertelli's Cross-Motion for Summary Judgment on Count IV (Doc. 362), and the Funds' response (Doc. 373).

**Background**

This case is a web of disputes arising from apartment construction projects around the country, but this Order involves just one of the many claims asserted. In Count 4 of their Fourth Amended Complaint, the Six Mile Fund and the Rochester Fund accuse ACI, George Albertelli, and David Albertelli of civil theft in violation of Fla. Stat. § 772.11. (Doc. 218). Six Mile Fund is the owner and developer of the Springs at Six Mile Cypress (Six Mile Project) in Fort Myers, Florida, and the Rochester Fund is the owner and developer of the Springs at South Broadway (Rochester Project) in Rochester, Minnesota. (Doc. 218 at 11). The Funds hired ACI as general contractor for the projects. ACI is a Florida corporation owned by George and David Albertelli. (Doc. 218 at 12). Continental Properties owns and manages Six Mile Fund, Rochester Fund, and the other plaintiffs.

The civil theft claim stems from several checks the Funds sent to ACI in December 2016 for amounts totaling $1,314,519.53. (Doc. 321 at 5). Each check was issued jointly to ACI and a subcontractor, then sent to ACI so it could endorse the check and forward it to the subcontractor. (Doc. 321 at 3). This practice is common in the construction

Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

industry, and the parties had used it to pay subcontractors before. (Doc. 321 at 3). But ACI did not forward the checks at issue to the subcontractors. Instead, ACI sent FedEx envelopes to the subcontractors without the checks and gave the tracking numbers to the Funds, and David Albertelli endorsed the checks and deposited them into ACI's account with CenterState Bank. (Doc. 321 at 4). According to the Funds, David Albertelli's deposit of the checks amounted to civil theft in violation of Fla. Stat. § 772.11. But ACI and the Albertellis claim they had a right to apply the payments to outstanding debts Continental Properties and Plaintiffs owed ACI for work it did on the Six Mile Project and other construction jobs. (Doc. 351-1 at 4).

## Legal Standard

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To defeat summary judgment, the non-movant must "go beyond the pleadings, and present affirmative evidence to show that a genuine issue of material facts exists." *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006).

In reviewing a motion for summary judgment, the Court views the evidence and all reasonable inferences drawn from it in the light most favorable to the non-movant. *See Battle v. Bd. of Regents*, 468 F.3d 755, 759 (11th Cir. 2006). But "[a] court need not permit a case to go to a jury…when the inferences that are drawn from the evidence, and

upon which the non-movant relies, are 'implausible.'" *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 743 (11th Cir. 1996) (citations omitted).

## Discussion

**A. The Funds' Motion for Summary Judgment**

To make a case for civil theft in Florida, a plaintiff must prove that the defendant (1) knowingly (2) obtained or used, or tried to obtain or use, the plaintiff's property with (3) felonious intent to, (4) either temporarily or permanently, (5a) deprive the plaintiff of its right to or benefit from the property or (5b) appropriate the property to the defendant's own use or to the use of anyone not entitled to the property. *Wachovia Bank N.A. v. Tien*, 658 F. App'x 471, 747-75 (11th Cir. 2016); Fla. Stat. § 812.014. ACI and David Albertelli attack the second and third elements. (Doc. 351). George Albertelli adopts those arguments and claims he lacked the requisite knowledge. (Doc. 354).

The Court begins with the "felonious intent" element. "Felonious intent is the intent to deprive another of its property, which may be shown by circumstantial evidence." *Wachovia Bank*, 658 F. App'x at 775. The Funds first argue that Defendants admitted to having felonious intent in the pleadings. In Paragraph 196 of the Fourth Amended Complaint, Plaintiffs allege,

> On or about December 5 and 6, 2016, David Albertelli indorsed nineteen Joint Checks that were intended to be paid to subcontractors and intentionally and wrongfully deposited those Joint Checks into ACI's account at CenterState Bank, without any of the second signatures from subcontractors.

(Doc. 218 at 45). The Funds contend that Defendants cannot dispute felonious intent because they admitted that David Albertelli "intentionally and wrongfully" deposited the

4

checks. But the Funds mischaracterize Defendants' answers. ACI and David Albertelli admit only part of the allegation in their answer:

> Admitted that David Albertelli endorsed nineteen joint checks from Continental for the Six Mile Project and ACI deposited same into ACI's account at CenterState Bank to account for requisitions for ACI's fees and costs that were due but not paid by Continental.

(Doc. 227 at 21; Doc. 229 at 16). A common-sense reading of this response suggests David Albertelli deposited the checks because he believed ACI was entitled to the payments. Defendants thus did not admit to having a felonious intent.

The Funds also present circumstantial evidence of felonious intent: an email from George Albertelli, the checks themselves, and ACI and David Albertelli's admission to sending FedEx envelopes without the checks to subcontractors. (Doc. 321 at 11-12). The Funds present the George Albertelli email as evidence that he intended to keep the proceeds of the allegedly stolen checks. But instead, the email sought to open settlement negotiations. (*See* Doc. 321-1 at 50). It is thus subject to Federal Rule of Evidence 408, which prohibits the use of settlement negotiations to prove the validity of a disputed claim. So the Funds cannot use the email to prove felonious intent, an essential element of the civil theft claim.

The Funds' other circumstantial evidence fares better. Each check was made out to ACI and a subcontractor, and they support the uncontested fact that David Albertelli deposited them without the subcontractors' endorsements. (Doc. 321-1 at 4-31). And by mailing FedEx envelopes to the subcontractors and sending the tracking numbers to the Funds, ACI and David Albertelli might have tried to conceal the deposits. But despite this circumstantial evidence, Defendants can defeat summary judgment by presenting just

5

enough evidence to call their intent into question. They rely on the Affidavit of David Albertelli, which describes his state of mind when he made the deposits:

> At the time I authorized the deposit of joint checks for the Six Mile :Project [sic] and Rochester Project, it was my belief that ACI had a prior claim to those funds because of the amounts owed to ACI for its work on the Projects, which amounts had been outstanding in some cases for several months. At the time the joint checks were deposited, ACI was owed $4,857,523.16…Continental provided no assurances when, or if, ACI would be paid what it was owed.

([Doc. 351-1 at 4](#)).

A party's intent is generally "a question of fact for the factfinder, to be determined after trial." *Williams v. Obstfeld*, 314 F.3d 1270, 1277 (11th Cir. 2002). So when intent is at issue, summary judgment is appropriate only if the party opposing it "fails to indicate that he can produce the requisite quantum of evidence to enable him to reach the jury with his claim." *Id.* Defendants' intent must be "determined by drawing inferences from the surrounding factual circumstances and by weighing Defendants' credibility regarding their actions." *R&M Mktg., Inc. v. Best Buy Auto of Tampa Bay, Inc.*, No. 8:16-CV-46-T-TBM, 2017 WL 2869541, at *4 (M.D. Fla. Apr. 12, 2017). David Albertelli's testimony, if credible, belies felonious intent, and the Court cannot make credibility determinations at the summary judgment stage. *Id.* (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000)). As a result, the Funds are not entitled to summary judgment on their civil theft claim.

### B. George Albertelli's Cross-Motion for Summary Judgment

A Florida theft claim does indeed require "that the defendant had the requisite criminal intent *at the time of the taking*." *Leggett v. State*, 237 So. 3d 1144, 1146 (Dist. Ct. App. Fla. 2018). George Albertelli claims he first learned of the alleged theft two

weeks after David Albertelli deposited the checks.  He argues for summary judgment because "a necessary element of theft under Florida law is that the defendant must have the specific intent to commit the theft *at the time of, or prior to,* the commission of the act of taking." (Doc. 362 at 5).  The Funds have no direct evidence that George Albertelli had contemporaneous knowledge of the alleged thefts, but they argue his guilty knowledge and intent can be inferred from bank records attached to its response.

The Funds' exhibits show that George Albertelli wrote 65 checks on ACI's CenterState account during December 2016, including a $150,000 check to himself days after David deposited the joint checks.  (Doc. 373-1 at 24-28).  George Albertelli also made a $12,213.94 electronic payment from the ACI account towards his credit card bill amid the deposits.  (Doc. 373-1 at 17).  While far from conclusive, this evidence is enough to raise a question of fact, and it will be up to the jury to weigh the evidence against George Albertelli's credibility.

Accordingly, it is now **ORDERED**:

(1) Plaintiffs Continental 332 Fund LLC and Continental 326 Fund LLC's Motion for Summary Judgment on Count IV – Civil Theft (Fla. Stat. 772.11) – Against Defendants, ACI, George Albertelli, and David Albertelli (Doc. 321) is **DENIED**.

(2) Defendant George Albertelli's Cross-Motion for Summary Judgment on Count IV (Doc. 362) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 11th day of June, 2019.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

7