UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CONTINENTAL 332 FUND, LLC,
CONTINENTAL 298 FUND LLC,
CONTINENTAL 306 FUND LLC,
CONTINENTAL 326 FUND LLC,
CONTINENTAL 347 FUND LLC,
CONTINENTAL 355 FUND LLC,
CONTINENTAL 342 FUND LLC,
CONTINENTAL 245 FUND LLC and
KMM CONSTRUCTION OF FLORIDA,
LLC,

       Plaintiffs,

v.                                         Case No.:  2:17-cv-41-FtM-38MRM

DAVID ALBERTELLI, ALBERTELLI
CONSTRUCTION INC., WESTCORE
CONSTRUCTION, LLC, NATIONAL
FRAMING, LLC, MFDC, LLC, TEAM
CCR, LLC, BROOK KOZLOWSKI, JOHN
SALAT, KEVIN BURKE, KERRY
HELTZEL, AMY BUTLER, US
CONSTRUCTION TRUST,
FOUNDATION MANAGEMENT, LLC,
KMM CONSTRUCTION, LLC, GEORGE
ALBERTELLI, GREGORY HILZ, GREAT
AMERICAN INSURANCE COMPANY,
ANGELO EQUIZABAL, JAMES
ALBERTELLI and ALBERTELLI LAW,

       Defendants.
_____/

## ORDER

    Plaintiff filed a Motion to Compel Production of Documents Pursuant to Third-Party

Subpoenas Directed to Gunn & Company and GunnChamberlain[1] on June 17, 2019.  (Doc. 387).

---

[1] Plaintiffs state that "[u]pon information and belief, Gunn & Company and GunnChambelain are the same company."  (Doc. 387 at 2 n.1).

The third-party subpoena recipients have not retained counsel to enter an appearance in this case to respond to the motion *sub judice*, and the deadline by which to do so has long expired.  *See* M.D. Fla. R. 3.01(b).[2]  The motion is, therefore, due for the Court's consideration.  For the reasons below, the Court **GRANTS** the motion in part, **DENIES** the motion without prejudice in remaining part, and establishes a procedure for later determination of the subpoena recipients' reasonable expenses resulting from compliance with the subpoenas.

## LEGAL STANDARD

Fed. R. Civ. P. 45(d)(1) provides, in part, that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Moreover, Fed. R. Civ. P. 45(d)(2)(B)(i) provides that if a subpoena recipient objects to production, "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection."  Fed. R. Civ. P. 45(d)(2)(B)(ii) further provides that "[t]hese acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance."

## ANALYSIS

Plaintiffs move under Fed. R. Civ. P. 45(d)(2)(B)(i) and M.D. Fla. R. 3.04(a) for an order compelling the subpoena recipients to produce documents requested by Plaintiffs.  (Doc. 387 at 2; Doc. 381-1).  Plaintiffs aver that the subpoena recipients "provided accounting services to several of the defendants and others involved in the payment of bribes, including but not limited to MFDC, Albertelli Construction Inc., and David Albertelli."  (Doc. 387 at 1).

---

[2] Plaintiff's certification under M.D. Fla. R. 3.01(g) states that the subpoena recipients are "not represented by counsel with respect to the subpoenas issued by Plaintiffs."  (Doc. 387 at 3).

According to Plaintiffs, "Gunn has objected to Plaintiffs' subpoenas, and now seeks an unreasonable payment for compliance due in part to 'Mr. Albertelli discontinue[ing] his relationship with [Gunn] in late 2016/early 2017 . . . with several unpaid invoices at the time.'" (*Id.* (alterations in the original)).  "Specifically, Gunn demands a 'deposit' of $7,500.00 before it will release any documents to Plaintiffs." (*Id.*).  It appears that the subpoena recipients base this demand on the anticipated need for two Certified Public Accountants ("CPAs") to gather responsive documents, working at hourly rates of $350.00 and $450.00, respectively.  (*Id.*; *see also* Doc. 387-1 at Ex. C).  The subpoena recipients estimate that full and defensible compliance will require 30-40 hours of work by the CPAs.  (Doc. 387 at 2-3; Doc. 387-1 at Ex. C).

Plaintiffs do not object to paying a "reasonable fee for compliance," but they argue that the subpoena recipients' deposit demand is "not proportional to the burden placed upon the company and is therefore unreasonable." (Doc. 387 at 2).  Plaintiffs claim that compliance with the subpoenas does not require any accounting expertise because the subpoenas are "straightforward." (*Id.* at 3).  Instead, Plaintiffs propose that the subpoena recipients "transfer any documents [in their] possession that are responsive to the subpoenas to a flash drive and send the same to Plaintiffs' counsel." (*Id.*).  Plaintiffs protest that they "should not be subjected to these unreasonable demands simply because Defendant in this matter did not pay his accountants in accordance with *their* agreement." (*Id.*).  Plaintiffs fear that the ultimate expense related to compliance with the subpoena, beyond the $7,500 deposit, would potentially exceed $18,000. (*Id.*).  They contend this amount is unreasonable because, in contrast, "TIAA bank has responded to Plaintiffs' subpoena at a cost of $224.50 and CenterState Bank responded to Plaintiffs' subpoena at a cost of $1,500." (*Id.*).  Therefore, Plaintiffs ask the Court to (1) order the subpoena

recipients to produce the documents commanded by the subpoenas and (2) determine a reasonable fee for such production. (*Id.*).

As a threshold consideration, the Court is not disturbed by the subpoena recipients' request that Plaintiffs advance a portion of the estimated expenses that will result from compliance before any documents are produced. Irrespective of the subpoena recipients' prior dealings with Mr. Albertelli, advancing such costs to a third-party before documents are produced in response to a subpoena is certainly not uncommon, is consistent with Fed. R. Civ. P. 45(d)(2)(B)(ii), and is justifiable if the cost of compliance would impose undue burden and expense on the subpoena recipient.

The Court will abide by the directive of Fed. R. Civ. P. 45(d)(2)(B)(ii) to "protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." In this regard, the Court has carefully reviewed the subpoenas at issue. (Doc. 387-1 at Ex. A). The Court finds that the categories of documents and information commanded by the subpoenas are broad and can reasonably be expected to require 30-40 hours of personnel time to ensure full and defensible compliance. Given the nature of the financial and accounting documents included within the scope of the subpoenas, moreover, the Court finds that it is reasonable for the subpoena recipients to utilize CPAs to search for these types of documents.

At this time, however, the Court does not have sufficient information to determine the actual expenses that the subpoena recipients will incur in complying with the subpoenas. The Court cannot, therefore, determine at this time what a reasonable total fee for production should be. Plaintiffs do not propose a specific amount, but they imply an amount between $224.50 and $1,500 is appropriate because that is what other subpoena recipients were advanced or reimbursed in this case. (*See* Doc. 387). But the Court has no information regarding those other

subpoenas, the types of documents commanded by them, or the method by which those other subpoena recipients calculated their expenses resulting from compliance.  (*See id.*).  The Court declines to speculate as to these matters and will not take the bait to compare potential apples to potential oranges, leaving these subpoena recipients potentially exposed to significant additional expense without a mechanism for further reimbursement.  Instead, the Court devises the procedure set forth below to ensure Plaintiffs receive the documents to which they are entitled and that the subpoena recipients are protected against unreasonable financial burden and expense resulting from compliance.

**CONCLUSION**

For these reasons, the Court **ORDERS** as follows:

1.     Plaintiffs' Motion to Compel Production of Documents Pursuant to Third-Party Subpoenas Directed to Gunn & Company and GunnChamberlain (Doc. 387) is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**.

2.     The Motion is **GRANTED** to the extent Plaintiffs ask the Court to order the subpoena recipients to produce documents in response to the subpoenas at issue. Gunn & Company and GunnChamberlain are hereby **ORDERED** to produce documents responsive to the subpoenas **no later than July 31, 2019**.

3.     The Motion is **DENIED** without prejudice to the extent it seeks any further or different relief.  However, the Court will impose the following procedure for re-submitting the cost issue to the Court for determination, if appropriate:

   a.     **No later than July 17, 2019**, Plaintiffs must deliver a check to the subpoena recipients in the amount of $2,500, representing an advance payment of reasonable expenses to be incurred as a result of compliance

with the subpoena.  The Court finds this amount to be reasonable and appropriate, especially in view of the fact that Plaintiffs initially offered to pay this amount in their negotiations with these subpoena recipients.  (*See* Doc. 387-1 at Ex. C).

b.   **No later than August 7, 2019**, the subpoena recipients must deliver to Plaintiffs' counsel a detailed invoice for all of the subpoena recipients' expenses and costs incurred by producing documents in response to the subpoenas.  The invoice must show a credit for the $2,500 advance payment ordered above and must contain sufficient detail to permit the Court to determine the reasonableness of the hours expended, the hourly rates or wages charged, the tasks performed, and the costs incurred.  If the subpoena recipients fail to provide sufficient detail, the Court may deny them further reimbursement for their expenses relating to compliance.

c.   If Plaintiffs do not object to the invoice, it must be paid in full within fourteen (14) days of receipt.

d.   If Plaintiffs object to the invoice and Plaintiffs' counsel is unable to resolve this matter through a further good-faith conference with the subpoena recipients, Plaintiffs may file a renewed motion seeking appropriate relief.  Any such motion must be filed **no later than August 16, 2019**.

4.   Plaintiffs are **ORDERED** to serve a copy of this Order to the Subpoena recipients via electronic mail and regular U.S. Mail no later than **July 17, 2019**.

**DONE AND ORDERED** in Fort Myers, Florida on July 13, 2019.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties