UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CONTINENTAL 332 FUND, LLC,
CONTINENTAL 298 FUND LLC,
CONTINENTAL 306 FUND LLC,
CONTINENTAL 326 FUND LLC,
CONTINENTAL 347 FUND LLC,
CONTINENTAL 355 FUND LLC,
CONTINENTAL 342 FUND LLC and
CONTINENTAL 245 FUND LLC,

      Plaintiffs,

v.                                  Case No.:  2:17-cv-41-FtM-38MRM

BROOK KOZLOWSKI, JOHN SALAT
and GREGORY HILZ,

      Defendants.
_____/

**OPINION AND ORDER**[1]

Before the Court is Plaintiffs' Motion and Memorandum of Law for Reconsideration of the Dismissal of Count 24 of the Complaint against Gregory Hilz (Doc. 629), Defendant Gregory Hilz's response (Doc. 636), Plaintiffs' reply (Doc. 645), and Hilz's surreply (Doc. 648).

A district court has considerable discretion in deciding whether to grant a motion for reconsideration.  See *Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006).  In exercising this discretion, courts balance two competing interests: the need for finality and the need to render just rulings based on all the facts.  Finality typically prevails

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

because reconsidering an order is an extraordinary remedy that courts use sparingly. *See Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003); *Lamar Adver. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 489 (M.D. Fla. 1999). Along this line, "[a] motion to reconsider is not a vehicle for rehashing arguments the Court has already rejected or for attempting to refute the basis for the Court's earlier decision." *Parker v. Midland Credit Mgmt., Inc.*, 874 F. Supp. 2d 1353, 1359 (M.D. Fla. 2012).

"A motion for reconsideration should raise new issues, not merely readdress issues previously litigated." *PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). Such motions "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998) (internal quotations omitted).

Because courts disfavor motions for reconsideration, they recognize only three grounds to reconsider prior orders: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct a clear error or manifest injustice. *See McCreary v. Brevard Cnty, Fla.*, No. 6:09-CV-1394, 2010 WL 2836709, at *1 (M.D. Fla. July 19, 2010). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Mannings v. Sch. Bd. of Hillsboro Cty., Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993). "Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." *Carter v. Premier Rest. Mgmt.*, No. 2:06-CV-212, 2006 WL 2620302, at *1 (M.D. Fla. Sept. 13, 2006).

Plaintiffs raise two grounds for reconsideration.  First, Plaintiffs claim the Court erred by finding evidence of just one predicate act committed by Hilz (a RICO claim requires two).  The Court disregarded an alleged predicate act—that "Hilz lied to Continental in response to a request for additional experience of Westcore in Colorado" (Doc. 513 at 16)—based on the mistaken understanding that Plaintiffs' only evidence were admissions Hilz made in a California case, which are inadmissible here.  Plaintiffs in fact relied on admissions Hilz made in this case, authenticating an email he sent to Continental on March 2, 2016.  While the Court should have considered that email, it would not have changed the outcome.

In Count 24, Plaintiffs alleged that Hilz committed three RICO predicate acts:

> 1) Bribing Eguizabal to cause Westcore I to get contracts for construction work; 2) defrauding Plaintiffs by submitting a false Qualification Statement and accompanying financials for the purpose of causing Continental to award contracts to Westcore I; and 3) actively concealing David Albertelli's majority ownership of Westcore I which Hilz knew would automatically disqualify Westcore from performing work for Continental.

(Doc. 218 at 111).  They did not plead the March 2, 2016 email as a predicate act. Plaintiffs cannot raise a new theory of liability at summary judgment.  The Eleventh Circuit recently explained why:

> At the summary judgment stage, the assertion of an additional, separate basis for entitlement to relief is a fundamental change that requires amendment of the complaint under Fed. R. Civ. P. 15(a). This is so because liberal pleading does not require that defendants must infer all possible claims that could arise out of the facts set forth in the complaint.

*Colardo-Keen v. Rockdale Cty, Ga.*, 775 F. App'x 555, 571 (11th Cir. 2019) (internal citations and quotation marks omitted); *see also Brown v. Jefferson Cty. Sheriff's Dep't*, --- F. App'x ---, 2020 WL 1228649, at *2 (11th Cir. 2020) (the plaintiff could not raise forced administrative leave as a basis for his employment discrimination claim at summary

3

judgment because the complaint did not provide fair notice that he intended to challenge the leave as discriminatory).  Although Plaintiffs mentioned the March 2, 2016 email in their complaint, they did not give Hilz fair notice they considered it a RICO predicate act, and they cannot rely on it now.

Plaintiffs' second point rehashes an argument they made at summary judgment—that their complaint stated both substantive and conspiracy RICO claims against Hilz. The Court found that Count 24 stated only a substantive RICO claim because it lacked any conspiracy allegations, rejecting Plaintiffs' argument that conspiracy allegations made elsewhere in the complaint gave Hilz fair notice they intended to pursue a conspiracy claim against him.  Plaintiffs now attempt to shoehorn other parts of their complaint into Count 24.  This is an extension of an argument the Court already rejected, not a proper basis for reconsideration.

Accordingly, it is now

**ORDERED:**

Plaintiffs' Motion and Memorandum of Law for Reconsideration of the Dismissal of Count 24 of the Complaint against Gregory Hilz (Doc. 629) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 21st day of May, 2020.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record