UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CONTINENTAL 332 FUND, LLC,
CONTINENTAL 298 FUND LLC,
CONTINENTAL 306 FUND LLC,
CONTINENTAL 326 FUND LLC,
CONTINENTAL 347 FUND LLC,
CONTINENTAL 355 FUND LLC,
CONTINENTAL 342 FUND LLC and
CONTINENTAL 245 FUND LLC,

    Plaintiffs,

v.                                         Case No.:  2:17-cv-41-FtM-38MRM

BROOK KOZLOWSKI and
GREGORY HILZ,

    Defendants.
_____/

**OPINION AND ORDER**[1]

Before the Court is Defendant Gregory Hilz's Motion to Dismiss Remaining State Law Claims (Doc. 631), Plaintiffs' response (Doc. 641), Hilz's reply (Doc. 649), and Plaintiffs' surreply (Doc. 651).

**Background**

This case started about three and a half years ago when Plaintiffs—all Wisconsin LLCs—sued Florida citizen David Albertelli and Florida corporation Albertelli Construction Inc. By the Third Amended Complaint, the case had expanded to include six more individual defendants—all Florida residents—and eight more corporate defendants—

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

most or all of them headquartered in Florida. Meanwhile, some parties became engaged in parallel litigation in California and Colorado. Hilz filed the California case in January 2018 against several of his codefendants here and Continental Properties Company, Inc., which manages each Plaintiff. In November 2018, Plaintiffs filed the Fourth Amended Complaint, adding claims against Hilz, a California resident. Plaintiffs have since settled their claims against every defendant but Hilz and Brook Kozlowski.

Plaintiffs allege the defendants and former defendants used bribery and fraud to siphon money out of construction projects in Florida, Minnesota, Texas, Colorado, and Kentucky. Hilz was involved in the Texas and Colorado projects, and based on that involvement Plaintiffs sued him for a Federal RICO violation and for state-law fraud and conspiracy to commit fraud. The Court granted Hilz summary judgment on the RICO claim because Plaintiffs failed to prove he committed multiple predicate acts. Hilz moves to dismiss the remaining claims for lack of personal jurisdiction and asks the Court to decline supplemental jurisdiction over them.

**Legal Standard**

"State courts, not federal courts, should be the final arbiters of state law." *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997). For that reason, district courts are "strongly encourage[d]" to decline supplemental jurisdiction when all federal claims are dismissed before trial. *Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999) (citation omitted); *see also Toth v. Antonacci*, 788 F. App'x 688, 691 (11th Cir. 2019) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("When all federal claims are dismissed before trial, a district court should typically dismiss the pendant state claims as well.")). In deciding whether to do so, courts consider the factors

identified in *Gibbs*: "judicial economy, convenience, fairness, and comity." *Baggett*, 117 F.3d at 1353. The *Gibbs* Court also identified the potential of jury confusion as a reason that may justify separating state and federal claims for trial. *Gibbs*, 383 U.S. at 727.

## Discussion

To start, the Court will address an unbriefed issue that factors into its analysis. The parties have not addressed what state's laws apply to the claims against Hilz. Were this Court to try the claims, it would apply Florida's "most significant relationship" test, which calls for an evaluation of these factors:

> (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered.

*Trumpet Vine Invs., N.V. v. Union Capital Partners I, Inc.*, 92 F.3d 1110, 1116 (11h Cir. 1996) (quoting Restatement (Second) of Conflicts of Laws § 145). While the Court need not decide the issue now, the factors point to several states—Texas, Colorado, California, and Wisconsin—but not likely to Florida. With that in mind, the Court turns to the *Gibbs* factors.

Both judicial economy and comity typically are "served when issues of state law are resolved by state courts." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002). "It is a bedrock principle that 'needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law'" *Ameritox Ltd v. Millennium Labs., Inc.*, 803 F.3d 518, 540 (11th Cir. 2015) (quoting *Gibbs*, 383 U.S. at 726). These factors favor dismissing the claims without prejudice so Plaintiffs can refile them in a venue with a closer connection to the facts and applicable law.

Next is convenience. The Eleventh Circuit has noted that ordinarily, "as far as the parties are concerned, it would be most convenient to try every claim in a single forum." *Ameritox,* 803 F.3d at 539. Not so here. With related cases ongoing in California and Colorado, the parties have already spread their disputes across the country. While it would be convenient for Plaintiffs to try their claims against Kozlowski and Hilz together, this forum is inconvenient for Hilz considering his limited contacts with the state. The Court considers this factor to be neutral.

Likewise, fairness does not weigh heavily for either side. Each "litigant who brings supplemental claims in [federal] court knowingly risks the dismissal of those claims." *Ameritox*, 803 F.3d at 539. Plaintiffs' decision to sue Hilz's here rather than assert their claims in California or another state court carried the risk of dismissal. And while requiring Plaintiffs to start over elsewhere is somewhat burdensome, they "are free to use evidence obtained during discovery to pursue their state-law claims in a proper forum." *Id.*

Finally, trying Plaintiffs' claims against Hilz alongside their claims against Kozlowski would likely confuse the jury. Along with three RICO claims, Plaintiffs assert counts of fraud and conspiracy to commit fraud against Kozlowski. The facts underlying the Kozlowski state-law claims overlap—but do not mirror—those underlying the Hilz claims, and the claims are likely governed by laws from different states. The potential for jury confusion favors dismissal of the claims against Hilz.

In sum, the Court finds it prudent to dismiss Plaintiffs' state-law claims against Hilz. Declining supplemental jurisdiction will not affect the statute of limitations on the state-law claims. Federal law tolled the running of the statute of limitations during this action.

28 U.S.C. § 1367(d). Plaintiffs are free to sue Hilz in an appropriate state court. Hilz's challenge to personal jurisdiction is moot.

Accordingly, it is now

**ORDERED:**

Defendant Gregory Hilz's Motion to Dismiss Remaining State Law Claims (Doc. 631) is **GRANTED**.

(1) Plaintiffs' claims against Hilz are **DISMISSED without prejudice**.

(2) The Clerk is **DIRECTED** to enter judgment and terminate Gregory Hilz as a party.

**DONE** and **ORDERED** in Fort Myers, Florida this 12th day of June, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record