UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CONTINENTAL 332 FUND, LLC,
CONTINENTAL 298 FUND LLC,
CONTINENTAL 306 FUND LLC,
CONTINENTAL 326 FUND LLC,
CONTINENTAL 347 FUND LLC,
CONTINENTAL 355 FUND LLC,
CONTINENTAL 342 FUND LLC
and CONTINENTAL 245 FUND
LLC,

    Plaintiffs,

v.                                          Case No.:  2:17-cv-41-FtM-38MRM

GREGORY HILZ,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Defendant Gregory Hilz's Bill of Costs, which the Undersigned construes as a motion seeking to tax costs. (Doc. 677). Specifically, Defendant seeks to tax a total of $85,047.96 in costs made up of fees of the Clerk, fees for service of summons and subpoena, fees for printed or electronically recorded transcripts necessarily obtained for use in the case, fees for printing, fees for witnesses, and fees for making copies of materials necessarily obtained for use in the case. (*Id.* at 1). Plaintiffs filed objections on July 13, 2020. (Doc. 678). Plaintiffs object to all costs, except for the $300 for fees of the Clerk. (*Id.* at 2). Defendant responded to Plaintiffs' objections on July 22, 2020. (Doc. 681). Plaintiffs then filed

a reply in support of their objections on August 10, 2020. (Doc. 684). For the reasons set forth below, the Undersigned recommends that Defendant's Bill of Costs be **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**.

## BACKGROUND

This lawsuit alleged Defendant's involvement in a complex scheme of bribery and kickbacks that allegedly defrauded Plaintiffs. (Doc. 218 at 6-10). On March 13, 2020, the Court granted Gregory Hilz's Motion for Summary Judgment (Doc. 456) on the federal RICO claim. (Doc. 615 at 5-9, 20). On June 12, 2020, the Court declined to extend supplemental jurisdiction over the remaining state law claims and ordered the Clerk to dismiss without prejudice all remaining claims against Defendant. (Doc. 675 at 4-5). On June 15, 2020, the Clerk entered judgment dismissing the claims without prejudice. (Doc. 676).

On June 29, 2020, Defendant filed a Bill of Costs with no accompanying motion. (Doc. 677). Additional briefing ensued, however. Plaintiffs' Objections to Defendant Gregory Hilz's Bill of Costs was filed on July 13, 2020. (Doc. 678). On July 22, 2020, Defendant filed Gregory Hilz's Response to Plaintiffs' Objections to Hilz's Bill of Costs, along with several exhibits seemingly intended to provide support for the costs Defendant claims to have incurred. (Docs. 681 through 681-4). Plaintiffs' Reply in Support of Plaintiffs' objections to Defendant Gregory Hilz's Bill of Costs was filed on August 10, 2020. (Doc. 684). The matter is ripe for review.

## LEGAL STANDARD

Under Fed. R. Civ. P. 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The language of Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party, and the losing party must rebut that presumption. *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). Moreover, Congress has comprehensively regulated the taxation of costs in federal courts. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444-45 (1987). Section 1920 provides a list of taxable costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Courts have discretion in taxing costs under § 1920. *Crawford*, 482 U.S. at 444-45. Absent statutory or contractual language to the contrary, however, courts are bound by the limitations set forth in § 1920. *See id.* at 445. "The party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and

3

the party's entitlement to an award of those costs or expenses." *Loranger v. Stierham*, 10 F.3d 776, 784 (11th Cir. 1994).

## DISCUSSION

Defendant's Bill of Costs states that he seeks to tax the following costs: (1) fees of the Clerk; (2) fees for service of summons and subpoena; (3) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (4) fees and disbursements for printing; (5) fees for witnesses; and (6) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. (Doc. 677 at 1). Plaintiffs contend that 28 U.S.C. § 1924 requires supporting documentation for any costs a movant seeks to tax. (Doc. 678 at 7-8). 28 U.S.C. § 1924 states, in its entirety, that:

> Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.

Defendant's Bill of Costs contains such an affidavit signed by his attorney, stating "I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed." (Doc. 677 at 1). As such, the

4

Undersigned finds it appropriate to proceed with an evaluation of each of the requested costs.[1]

## I. Fees of the Clerk

Defendant seeks to tax $300 for two *pro hac vice* special admission fees at a cost of $150 each. (Doc. 677 at 3). Fees of the Clerk are expressly recoverable under 28 U.S.C. § 1920(1) and Plaintiffs do not dispute this cost. (*See* Doc. 678 at 6). Therefore, the Undersigned recommends that the Court allows Defendant to tax $300 for filing fees associated with the two *pro hac vice* special admissions.

## II. Fees for Service of Summons and Subpoena

Defendant seeks to tax $2,399.96 in costs for service of summons and subpoena. (Doc. 677 at 4). In his Bill of Costs, Defendant only provides a list of the person/entity served, date, and cost. (*Id.*). Plaintiffs contend that this is not enough information, that "it is impossible to tell how these subpoenas were related to the case, or why some of them were so expensive to serve." (Doc. 678 at 9). Plaintiffs

---

[1] Plaintiffs also contend that Defendant should not recover costs because of ongoing and subsequent actions between the parties, such that allowing taxing of costs in this case would be inequitable. (Doc. 678 at 12). Plaintiffs have not cited to any decisions by the he Eleventh Circuit or the Middle District of Florida that support this exact proposition. And, the cases that Plaintiffs rely upon for support were disposed of on voluntary dismissal, not summary judgment as happened in this case. (*Id.* (citing *McLaughlin v. Cheshire*, 676 F.2d 855, 857 (D.C. Cir. 1982); *Gonzalez v. City of Topeka Kansas*, 206 F.R.D. 280, 283 (D. Kan. 2001)). Regardless, the Court need not reach this issue at this time because, for reasons explained in detail *infra*, with the exception of fees of the Clerk and fees for witnesses, Defendant has not met his burden of showing his requested costs were "necessarily incurred." *Loranger v. Stierham*, 10 F.3d 776, 784 (11th Cir. 1994).

point out that one of the witness, Plaintiffs' expert witness Jannery Wiss, could have been served through counsel and there is no explanation why it cost $290.70 to serve him when the U.S. Marshals Service charges $65 per hour. (*Id.*). Ultimately, Plaintiffs contend that simply itemizing the subpoenas issued is not sufficient to show they were "reasonable and necessary," and in the alternative the only fee that should be awarded is the standard rate of $65 charged by the U.S. Marshals. (*Id.* at 10 (citing *Barfield v. CSX Transportation, Inc.*, No. 3:14–CV–1031–J–PDB, 2017 WL 4077042, at *1 n.3 (M.D. Fla. Sept. 14, 2017); *Hurley v. Kent of Naples, Inc.*, No. 2:10–cv–334, 2014 WL 6871578, at *5 (M.D. Fla. Dec. 3, 2014)).

Defendant responds by stating that the Bill of Costs is sufficient because Defendant verified each person to be served was related to the case. (Doc. 681 at 6). Defendant further calls Jannery Wiss' process of service "an unfortunate expense, but often a necessary one in litigation" without directly responding to Plaintiffs' assertion that service could have been accomplished through counsel. (*Id.*). Defendant further asserts that "clearly some deponents were harder to serve than others, and took longer than an hour to serve," but offers no documentation in further support of this statement as to which witnesses were difficult to serve and why that would make his requested costs reasonable and necessary. (*Id.*).

To tax costs for service of summons and subpoena, the summonses and subpoenas must have been "reasonable and necessary." *See Berlinger v. Wells Fargo*, No. 2:11-CV-459-FTM-29CM, 2016 WL 4920079, at *2 (M.D. Fla. Sept. 15, 2016). Fees of private process servers can be taxed as long as they do not exceed the

6

statutorily authorized amount. *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). This is currently $65 per person per hour for each item served, plus travel costs and any other out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3).

Here, Plaintiffs merely provide an itemized list of the person/entity served, the date, and total cost for each entry. There is no other information given to the Court to justify why these expenses, some reaching $423.17 (service to Ron Issleb), were "necessarily incurred" beyond Defendant's counsel's mere affirmance under penalty of perjury that they were. (Doc. 677 at 1, 4); 28 U.S.C. § 1924.

It is unclear to the Undersigned how these costs were incurred, if there are any travel costs or other expenses contributing to these amounts, or why, as Plaintiffs point out, some of these subpoenas could not have been served on Plaintiffs' counsel. (*See* Doc. 678 at 9). For the above reasons, the Undersigned recommends denying without prejudice Defendant's request for these service fees.

### III. Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case

Defendant seeks to tax $78,590 in fees for both printed and electronically recorded transcripts. (Doc. 677 at 5-6). Plaintiffs argue that Defendant has not stated why these depositions were necessary, described as "related to an issue which was present in the case at the time the deposition was taken." (Doc. 678 at 8 (citing *W&O Inc.*, 213 F.3d at 621)). Plaintiffs assert that "many, if not all of the listed depositions are relevant to [Defendant's action against Plaintiffs] in California. Some of the listed depositions, in fact, have very little to do with this action at all."

(*Id.*).  They further assert that Defendant has failed to state why it was necessary to obtain both videotaped and transcribed depositions, and that optional deposition costs may not be recovered.  (*Id.* (citing *Ferguson v. Bombardier Servs. Corp.*, 2007 WL 601921, at *3 (M.D. Fla. Feb. 21, 2007)).

Defendant responds by asserting that a "video recording is not duplicative of a stenographic deposition transcript, and the prevailing party is entitled to recover costs for both when the depositions are noticed for both formats and no objection is raised." (Doc. 681 at 5 (citing *Morrison v. Reichhold Chems.*, 97 F.3d 460, 465 (11th Cir. 1996)).  Defendant claims "nearly all of the depositions taken were of witnesses that could not be compelled to appear at the trial in this case, either because they lived out of the area where Plaintiffs filed this action and where the trial would have occurred and were former employees of parties or otherwise beyond control of the parties." (*Id.*).  Defendant asserts that the videotapes were to be used at trial.  (*Id.* at 5–6).  Plaintiff responds by stating that the videotapes were not necessary because such witnesses' testimony at trial "could have been readily secured." (Doc. 684 at 3).

As Plaintiffs point out, Defendant's reliance on *Morrison* is misplaced.  (Doc. 684 at 3).  As this Court has pointed out, *Morrison* was issued prior to 28 U.S.C. § 1920(d) being amended to reflect that "[f]ees for printed *or* electronically recorded transcripts are recoverable." *Travelers Indem. Co. of Conn. v. Attorney's Title Ins. Fund, Inc.*, No. 2:13-CV-670-FTM-38CM, 2019 WL 359862, at *4 (M.D. Fla. Jan. 14, 2019), *report and recommendation adopted in part*, No. 2:13-CV-670-FTM-38CM, 2019 WL 354881 (M.D. Fla. Jan. 29, 2019).  Currently, the party asking for costs must

demonstrate why videotapes were necessary and that transcripts alone did not suffice. *See id.* (citing cases).

Here, Defendant appears to assert that the videotapes were necessary because the witnesses were somehow outside of the Court's reach for purposes of trial but not for depositions. (Doc. 681 at 5). Plaintiffs disagree. (Doc. 684 at 3). Defendant also asserts that "most if not all of the deponents were identified by Plaintiffs' on their Rule 26 disclosures in this litigation." (Doc. 681 at 5 (citing Docs. 681-1 through 681-3)). The Undersigned, however, only finds four of the twenty-seven people (Kevin Burke, Fabio Fasanelli, John Allain, and Kevin Faver) listed by Defendant on the Bill of Costs to be in Plaintiffs' Rule 26 disclosures. (*See* Docs. 677 at 5-6, 681-1 through 681-3).

Defendant has not adequately demonstrated why these witnesses' depositions, save for the four mentioned in Plaintiffs' Rule 26 disclosures (Docs. 681-1–681-3), were "necessarily obtained for use in the case." 28 U.S.C. § 1920(d). Further, Defendant has not made an adequate showing as to why, beyond mere conclusory assertions, videotapes were necessary in addition to the transcripts. *See Travelers Indem. Co. of Conn.*, 2019 WL 359862, at *4; *Ferguson*, 2007 WL 601921, at *2. For these reasons, the Undersigned recommends denying without prejudice Defendant's request for fees for printed or electronically recorded transcripts.

### IV. Fees and Disbursements for Printing

Defendant seeks to tax $2,350.56 for fees and disbursements for printing. (Doc. 677 at 7). Plaintiffs object that the Bill of Costs lacks supporting

9

documentation as to why these costs were necessarily obtained rather than merely obtained for convenience, which is not recoverable.  (Doc. 678 at 10-11 (citing *Baker Cty. Med. Servs., Inc. v. Summit Smith L.L.C.*, No. 3:05-cv-541-J-33JRK, 2009 WL 10705826, at *7 (M.D. Fla. Jan. 7, 2009)).  Defendant responds that he substantially justified his costs by providing the name of the vendor who performed the work and "itemized 29 depositions that he was required to prepare for and attend with exhibits."  (Doc. 681 at 6).  Defendant also commends himself for his "efforts to limit the costs of printing exhibits for depositions."  (*Id.* at 6-7).  Plaintiffs respond by noting that Defendant has the burden of "showing the nature of the documents copied, including how they were used or intended to be used in the case . . . [and] may not simply make unsubstantiated claims that such documents were necessary, since the prevailing party alone knows for what purpose the copies were made."  (Doc. 684 at 4 (citing cases)).

      The Eleventh Circuit and numerous courts, including this Court, have long held that the party seeking to recover copying costs must provide evidence showing the nature of the documents copied and how they were used/intended to be used in the case; mere affirmation that the documents were necessary is not enough.  *See Cullens v. Georgia Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994); *Ferguson*, 2007 WL 601921, at *6; *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1340 (M.D. Fla. 2002); *Corsair Asset Mgmt., Inc. v. Moskovitz*, 142 F.R.D. 347, 353 (N.D.Ga.1992); *Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D.Ga.1992), *aff'd*, 998 F.2d 1023 (11th Cir.1993).

A court must be able to "consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *W&O Inc.*, 213 F.3d at 623; *see also Baker Cty. Med. Servs., Inc.*, 2009 WL 10705826, at *7; *Scelta*, 203 F. Supp. 2d at 1340.

Here, Defendant makes little effort to explain the charges other than indicating that they were copies of deposition exhibits and Defendant does not indicate whether any of these copies were merely for convenience of counsel. Presently, it is impossible for the Court to determine why the documents were printed. As Defendant points out, there were twenty-nine separate depositions. (Doc. 681 at 6). Further, there are two separate charges for each date entry of deposition costs, each with different amounts. (Doc. 677 at 7). And, according to the deposition information provided by Defendant, there are depositions that took place before the first copying charges took place, leaving the Undersigned to wonder why those depositions apparently did not need copies of exhibits but the others did. (*Id.* at 5). At best, it appears that some copies were made for some depositions, but it is not possible to tell when or how these copies were used and whether any of the copies were necessarily obtained or merely for counsel's convenience.

For the above reasons, the Undersigned recommends denying without prejudice Defendant's request to tax costs for fees and disbursements for printing.

## V.     Fees for Witnesses

Defendant seeks to tax $50 in fees for witnesses. (Doc. 677 at 2). Plaintiff does not specifically object to the taxing of witness fees; however, Plaintiff does

11

claim that the maximum amount Plaintiff should be awarded is $300 for the *pro hac vice* fees. (Doc. 678 at 6). Plaintiff contends broadly that many of the costs Defendant seeks to tax are relevant to the action ongoing in California, and should not be taxed. (*Id.* at 8). The Undersigned is not persuaded that these particular costs are solely relevant to that other litigation such that they cannot be taxed in this action.

Pursuant to 28 U.S.C. § 1821(b), a witness is entitled to reimbursement of $40 per day. Defendant provides no evidence to show that this particular witness fee was actually paid, provides no supporting documentation as to the mileage reimbursement rate used, and does not explain the context in which Kerry Heltzel appeared as a witness. *See Awwad v. Largo Med. Ctr., Inc.*, No. 8:11-CV-1638-T-24, 2013 WL 6198856, at *5 (M.D. Fla. Nov. 27, 2013). The name does appear on the list provided by Defendant of depositions taken, however. (Doc. 677 at 6).

In light of these considerations, and in the absence of any supporting documentation for the $10 mileage fee, the Undersigned finds that the Court should tax the $40 witness fee, but not the $10 mileage fee. Thus, the Undersigned recommends the Defendant be allowed to tax $40 in witness fees.

VI. **Fees for Exemplification and the Costs of Making Copies of Any Materials Where the Copies Are Necessarily Obtained for Use in the Case**

Defendant seeks to tax $1,357.44 for fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. (Doc. 677 at 8). Defendant's itemized list for this category refers to the

12

documents as "Documents Produced in Response to Subpoenas" and lists the date, entity, and cost. (*Id.*). Plaintiffs argue that this should be denied because the reason these costs were incurred is not clear. (Doc. 678 at 11). They further argue that Defendant never responded to subpoenas, only discovery requests, which is not a recoverable cost. (*Id.* at 11-12). They speculate that Defendant is seeking recovery for reimbursement to third parties to whom he sent subpoenas. (*Id.* at 12).

In response to Plaintiffs, Defendant argues that costs of making copies are expressly recoverable under 28 U.S.C. § 1920(4). (Doc. 681 at 7). Defendant clarifies that this was paid to third parties for the production of documents produced in response to subpoenas but provides no other documentation in support of this. (*Id.*).

While the Undersigned acknowledges that costs attributable to discovery or produced in response to subpoenas are recoverable under § 1920(4), in this case Defendant has not shown that the materials were, in fact, necessary for the case. *See W&O, Inc.*, 213 F.3d at 623; *Tempay Inc. v. Biltres Staffing of Tampa Bay, LLC*, No. 8:11-CV-2732-T-27AEP, 2013 WL 6145533, at *6 (M.D. Fla. Nov. 21, 2013). The party seeking recovery must show that the materials were necessary for the case. *Tempay Inc.*, 2013 WL 6145533, at *6. The burden is on Defendant to establish the nature of the documents and how they were used or intended to be used in the case. *Id.*; *Scelta*, 203 F. Supp. 2d at 1340. While Defendant makes the broad-sweeping assertion that "copies attributable to discovery are necessary for the case," Defendant provides no evidence that the copies are, in fact, attributable to discovery. (Doc. 681

13

at 7). Moreover, Defendant provides no documentation showing that he actually made these payments to the third parties, or that such payments were in the amounts he now seeks to tax. (*Id*.). For the above reasons, the Undersigned recommends denying without prejudice Defendant's request to tax costs for fees for making copies of any materials obtained for this case.

## CONCLUSION

For these reasons, the Undersigned **RESPECTFULLY RECOMMENDS** that Defendant Gregory Hilz's Bill of Costs (Doc. 677) be **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART** as follows:

1. The Motion should be granted to the extent Defendant is awarded $340 for fees of the Clerk and for witness fees;

2. The Clerk of Court should be directed to enter a cost judgment for Defendant Gregory Hilz in the amount of $340 for fees of the Clerk and for witness fees;

3. The Motion should be denied without prejudice to the extent Defendant seeks any greater or different relief; and

4. Defendant should be given 14 days from the date of the Court's Order to file a renewed motion for the fees, if he chooses to do so.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on October 23, 2020.

Mac R. McCoy
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties